**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

SHERMAN DIVISION

| | | |
|---|---|---|
| MED-PHARM LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| PHARMACIST MUTUAL INSURANCE | § | |
| COMPANY and ALLEN B. SIMONS, | § | |
|     Defendants. | § | |

## APPENDIX TO NOTICE OF REMOVAL

COME NOW, Pharmacists Mutual Insurance Company, incorrectly sued as Pharmacist Mutual Insurance Company, and Allen B. Simons ("Defendants"), Defendants in the above-entitled and numbered cause, and file this Appendix to Notice of Removal. The following documents are attached hereto and incorporated by reference for all purposes pursuant to Local Rule CV-81(c)(2):

| Appx. | Document | Bates Range |
|---|---|---|
| 1 | Civil Cover Sheet | APPX00001 |
| 2 | Certified Copy of State Court Docket Sheet | APPX00002–APPX00006 |
| 3 | *Plaintiff's Original Petition* | APPX00007–APPX00014 |
| 4 | *Defendants' Original Answer* | APPX00015–APPX00021 |
| 5 | Certified Mail Receipt for Citation to Pharmacists Mutual Insurance Company | APPX00022 |
| 6 | Citation to Pharmacists Mutual Insurance Company | APPX00023 |
| 7 | Officer's Return by Mailing of Citation to Pharmacists Mutual Insurance Company | APPX00024–APPX00025 |

| 8 | Certified Mail Receipt for Citation to Allen B. Simons | APPX00026 |
| 9 | Citation to Allen B. Simons | APPX00027 |
| 10 | Officer's Return by Mailing of Citation to Allen B. Simons | APPX00028 |

Respectfully submitted,

*/s/ Amos D. Pettis*_____
**AMOS D. PETTIS** (Lead Counsel)
Texas Bar No. 24027730

The Willis Law Group
10440 N. Central Expressway, Suite 520
Dallas, Texas 75231
Telephone:  (214) 736-9433
Facsimile:  (214) 736-9994
E-mail: apettis@thewillislawgroup.com

*ATTORNEY FOR DEFENDANTS*
*PHARMACISTS MUTUAL INSURANCE*
*COMPANY and ALLEN B. SIMONS*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 15, 2017.

*/s/ Amos D. Pettis*_____
AMOS D. PETTIS

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# DOCKET SHEET

## CASE NO. 366-04226-2017

| | | | |
|---|---|---|---|
| Med-Pharm, LLC vs. Pharmacist Mutual Insurance Company, Allen B. Simons | § § § § | Location: **366th District Court** Judicial Officer: **Wheless, Ray** Filed on: **09/01/2017** | |

---

### CASE INFORMATION

Case Type: **Consumer/Commercial/Debt**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 366-04226-2017 |
| Court | 366th District Court |
| Date Assigned | 09/01/2017 |
| Judicial Officer | Wheless, Ray |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Med-Pharm, LLC** | Hoch, Timothy M *Retained* 817-731-9703(W) |
| **Defendant** | **Pharmacist Mutual Insurance Company** | Pettis, Amos D *Retained* 214-736-9433(W) |
| | **Simons, Allen B.** | Pettis, Amos D *Retained* 214-736-9433(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 09/01/2017 | Plaintiff's Original Petition (OCA) $298.00 Party: Plaintiff Med-Pharm, LLC | |
| 10/11/2017 | Letter *Letter Request for Service* | |
| 10/11/2017 | Request for Citation by Certified Mail $83.00 | |
| 10/11/2017 | **Citation** Pharmacist Mutual Insurance  issued Company Simons, Allen B.  issued | |
| 10/17/2017 | Green Card Service Return by Certified Mail *Allen B. Simons* | |
| 10/17/2017 | Green Card Service Return by Certified Mail *Pharmacist Mutual Insurance Company* | |
| 11/13/2017 | Original Answer *Defendants' Original Answer* | |

APPX00002

# DOCKET SHEET
## CASE NO. 366-04226-2017

Party:  Defendant  Pharmacist Mutual Insurance Company;  Defendant  Simons, Allen B.

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff**  Med-Pharm, LLC
Total Charges                                                                          464.00
Total Payments and Credits                                                   464.00
**Balance Due as of 11/13/2017**                                          **0.00**



*Printed on 11/13/2017 at 2:41 PM*

APPX00003



STATE OF **TEXAS**         )
COUNTY **OF COLLIN** )

I, Lynne **Finley, District Clerk in and for Collin County Texas,**
do he**reby certify that the above foregoing is a true and correct copy of the**
original **document as the same appears on the file in the District Court,**
Collin County, Texas. Witness my hand and seal of said Court, this
the 3 day of ___ A.D., 20__
                    LYNNE FINLEY, DISTRICT CLERK
                    COLLIN COUNTY, TEXAS

_____ DEPUTY

APPX00004



MORGAN HOCKETT
COLLIN COUNTY DISTRICT CLERK
2100 BLOOMDALE RD # 12132
MCKINNEY, TX 75071-8318



9214 8901 0661 5400 0113 6401 51

**RETURN RECEIPT (ELECTRONIC)**

**366-04226-2017**
ALLEN B. SIMONS
808 HIGHWAY 18 W
**ALGONA, IA  50511-7234**

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.366-04226-2017

Med-Pharm, LLC vs. Pharmacist Mutual Insurance
Company, Allen B. Simons

In the 366th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  Allen B. Simons
808 HWY 18 W
Algona IA  50511, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 366th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Timothy M Hoch  Hoch Law Firm PC  5616 Malvey Avenue  Fort Worth TX 76107 (Attorney for Plaintiff), on  September 01, 2017, in this case, numbered 366-04226-2017 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 11th day of October, 2017.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____ , Deputy
Morgan Hockett

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.**

XXXXXXXXXXXXXXX
Filed: 9/1/2017 10:11 AM
Lynne Finley
District Clerk
Collin County, Texas
By Rosanne Munoz Deputy
Envelope ID: 19197054
Filed 8/31/2017 4:21 PM VMc

366-04226-2017

CAUSE NO. _____

| | | |
|---|---|---|
| MED-PHARM LLC<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | COLLIN COUNTY, TEXAS |
| PHARMACIST MUTUAL INSURANCE<br>COMPANY and ALLEN B. SIMONS<br>Defendants | §<br>§<br>§ | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

MED-PHARM LLC files this suit for damages against PHARMACIST MUTUAL INSURANCE COMPANY and ALLEN B. SIMONS for negligence, breach of an insurance contract, bad faith and Violations of Texas Deceptive Trade Practices Act and in support hereof would show the Court and Jury:

### I.

### DISCOVERY CONTROL PLAN

1.      Discovery in this suit shall be according to a "Level 3" discovery control order, pursuant to Texas Rule of Civil Procedure 190.4.

### II.

### PARTIES

2.      MED-PHARM LLC ("Plaintiff") is a Texas Corporation. Plaintiff is the owner of a commercial property located at 1717 West University Drive, Ste #412, McKinney, Texas 75069.

3.      PHARMACIST MUTUAL INSURANCE COMPANY is an Iowa insurance company licensed to write property and casualty insurance in the State of Texas by the Texas Department of Insurance. This Defendant can be served with citation by serving its registered agent via certified mail in accordance with the Texas Rules of Civil

APPX00007

Procedure as follows: **Jay A Thompson, 701 Brazos Street, Suite 1500, Austin, Texas 78701-3293.** Plaintiff is withholding service at this time.

4.      ALLEN B. SIMONS is an individual residing in and domiciled in the State of Iowa and may be served with citation via certified mail at his business address, **808 HWY 18 W, Algona, IA  50511.** Plaintiff is withholding service at this time.

## III.

### VENUE AND JURISDICTION

5.      Venue is proper in COLLIN County as the Plaintiff owns, and the Defendants have insured, the property made the basis of this suit which is located in COLLIN County, Texas. Further, all or a substantial part of the events or omissions giving rise to this claim occurred in COLLIN County, Texas.

6.      Pursuant to Texas Rule of Civil Procedure 47, Plaintiff sues for monetary relief over $200,000.00 but not in excess of $1,000,000.00.

## IV.

### BACKGROUND FACTS

7.      Plaintiff is the owner of a commercial property located at 1717 West University Drive, Ste #412, McKinney, Texas 75069 (the "Property").

8.      The Property was insured by Defendant under Commercial Lines Policy No. BOP 0162142 00 (the "Policy") and in effect during all periods relevant hereto.

9.      In February of 2017 (specified date of loss February 20, 2017) the Property was damaged as the result of a faulty valve on a toilet in which the Property sustained heavy damage. After Plaintiff discovered the damage, Plaintiff notified Defendants about this loss.

10.     Defendant hired Allen B. Simons to adjust the loss. Allen B. Simons opined that the damage to the property occurred as the result of a sewage backup which was conveniently outside of the Policy period for coverage by Defendant. By employing this strategy to blame the sewage backup, Defendants completely denied Plaintiff's claim and offered not even a partial payment for damage which may have been reasonably attributable to the faulty valve. By employing this strategy, Defendants failed and refused to pay Plaintiff for the damages caused during the 2017 policy period. This failure to pay for the damages sustained during the policy periods is a breach of the terms of the Policy.

11.     Defendants failed and refused to pay Plaintiff an appropriate amount for losses and damages caused to Plaintiff's property by an occurrence covered under their contract of insurance.

## V.

## FIRST CAUSE OF ACTION-BREACH OF CONTRACT

12.     Plaintiff contracted with Defendant for property and casualty insurance on the Property made the basis of this lawsuit.  As part of the contract for insurance, Plaintiff paid the Defendant premiums as required under the terms of the Policy.  Defendants agreed to "pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting in a Covered Cause of Loss."  The damage to the Plaintiff's building was the type covered by the contract for insurance.

13.     Defendant breached the contract for insurance in one or more of the following ways:

(a)     Failing to pay full benefits due in a timely manner in accordance with the terms of the Policy;

(b)     Failing to provide a reasonable explanation of the basis for denying the claim; and

(c)     Failing to promptly and equitably pay the claim once liability had become reasonably clear.

14.     This breach of contract by the Defendant is a proximate cause of the damages suffered and to be suffered in the future by Plaintiff, for which Plaintiff now sues.

## VI.

## SECOND CAUSE OF ACTION-NEGLIGENCE

15.     Defendants owed a duty to Plaintiff to adjust the claim and pay the loss in accordance with the standards in the insurance industry.

16.     Defendants breached its duty to Plaintiff in one or more of the following ways:

(a)     Failing to properly investigate the claim;

(b)     Failing to properly adjust the claim;

(c)     Failing to pay the claim in a timely manner.

17.     These acts or omissions by the Defendants, singularly or in any combination, are a proximate cause of the damages suffered and to be suffered in the future by Plaintiff, for which Plaintiff now sues.

## VII.

## THIRD CAUSE OF ACTION-BREACH OF GOOD FAITH AND FAIR DEALING

18.     From and after the time the Plaintiff's claim was presented to Defendants, it's liability to pay the claim in accordance with the terms of the Policy was reasonably clear.  Despite there being no basis on which a reasonable insurance company would have relied to deny payment of Plaintiff's claim, Defendants refused to accept the claim and pay Plaintiff.

19.     At that time, Defendants knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear.  In this regard, Plaintiff will show that Defendants failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts,

resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying or partially paying a valid claim.

20.     Consequently, Defendants breached their duty to deal fairly and in good faith with the Plaintiff. Defendants' breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff as more specifically described below. These losses include a separate and distinct measure of damages which would not have been incurred but for the Bad Faith committed by Defendant.

24.     Plaintiff seeks exemplary damages in an amount to be assessed by the trier of fact caused by Defendants' bad faith.

**VIII.**

**FOURTH CAUSE OF ACTION**
**DECEPTIVE TRADE PRACTICES**

25.     Plaintiff would show that Defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

26.     Violations of Section 17.46(b). Defendants violated Section 17.46(b) of the Texas Business and Commerce Code. Specifically, Defendant:

(a)     represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

(b)     represented that goods or services were of a particular standard, quality, or grade, or that goods were of a particular style or model, if they are of another;

(d)     represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

(e)     failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information

been disclosed.

27.     Unconscionable Action or Course of Action.     Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

## IX.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS INSURANCE CODE

28.     Defendants engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code.  Specifically, Defendant:

(a)     misrepresented to Plaintiff a material fact or policy provision relating to coverage at issue;

(b)     failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim even though Defendants' liability had become reasonably clear; and/or

(c)     failed to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the Defendants' denial of a claim or offer of a compromise settlement of a claim.

(d)     refused to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim.

29.     Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described herein below.

30.     Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code and Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.



APPX00012

## X.

### DISCOVERY

31.    Pursuant to Tex.R.Civ.P. 194, Defendants are requested to disclose within fifty (50)

days of service of this request, the information or material described in Tex.R.Civ.P. 194.2.

## XI.

### CONDITIONS PRECEDENT

32.    By letter dated July 14, 2017, Plaintiff gave Notice as required under the Texas

Deceptive Trade Practices Act (Texas Business & Commerce Code Section 17.45 et seq) and the

Texas Insurance Code Sections 541 and 542 et seq. All other conditions precedent to filing suit

have been met, including Plaintiff's payment of the insurance premium to Defendant.

## XII.

### PRAYER

33.    For these reasons, Plaintiff asks that Defendant be cited to appear and answer, and

that upon final trial, Plaintiff have judgment against Defendant for:

(a)    Actual damages;

(b)    Reasonable and necessary attorney's fees;

(c)    Extra-contractual damages for Defendant's violations of the Texas Insurance Code
       and the Texas Insurance Code including exemplary and punitive damages for
       knowing violations:

(c)    Pre-judgment and post-judgment interest as allowed by law;

(d)    Costs of court;

(e)    All other relief, at law or in equity, to which Plaintiff may be entitled.

APPX00013

Respectfully submitted,


/s/Timothy M. Hoch
Timothy M. Hoch
Texas Bar No. 09744950

HOCH LAW FIRM, P.C.
5616 Malvey Avenue
Fort Worth, Texas 76107
(817)731-9703
(817)731-9706 – facsimile
tim@hochlawfirm.com





Filed: 10/30/2017 4:41 PM
Lynne Finley
District Clerk
Collin County, Texas
By Morgan Hockett Deputy
Envelope ID: 20667258

CAUSE NO. 366-04226-2017

| | | |
|---|---|---|
| MED-PHARM LLC | § | IN THE DISTRICT COURT |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | COLLIN COUNTY, TEXAS |
| PHARMACIST MUTUAL INSURANCE | § | |
| COMPANY and ALLEN B. SIMONS | § | |
|    Defendants. | § | 366TH JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants Pharmacists Mutual Insurance Company, incorrectly sued as Pharmacist Mutual Insurance Company ("Pharmacists Mutual") and Allen B. Simons ("Simons") (collectively, "Defendants"), and file this Original Answer to Plaintiff's Petition, and in support would respectfully show the following:

### I.
### GENERAL DENIAL

Defendants assert a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendants generally deny all of the claims and allegations in Plaintiff's Petition, subject to any admissions stated below. Defendants respectfully request that Plaintiff be required to prove all claims and allegations against them, including liability, damages, and all elements of all causes of actions by the highest applicable legal standards.

### II.
### ADMISSION OF INSURANCE POLICY

Defendants admit the existence of a Businessowners Special Policy, policy number BOP 0162142 00, for the policy period of February 1, 2017 to February 1, 2018, issued by Pharmacists Mutual to MED-PHARM LLC and MED-PHARM PHARMACY (the "Policy").

### III.
### AFFIRMATIVE DEFENSES AND SPECIFIC DENIALS

Defendants deny breaching any terms or conditions of the Policy or violating any statutory or common law duties owed to the Plaintiff.  Pharmacists Mutual fully complied with any and all contractual or legal obligations to the Plaintiff.

Simons was not a party to the Policy and owed no obligations or duties to Plaintiff under the Policy.

Simons is not an insurer and owed no duties to Plaintiff under the Texas Insurance Code.

Simons provided no goods or services to Plaintiff, and Plaintiff was not a consumer from Simons. Simons cannot be liable to Plaintiff under the Texas Deceptive Trade Practices – Consumer Protection Act Texas Business and Commerce Code section 17.41, *et seq.* (the "DTPA").

Defendants assert all the terms and conditions of the Policy as defenses against Plaintiff's claims and ability to recover.

Defendants affirmatively plead that Plaintiff's recovery, if any, is limited by the terms, conditions, and limits of the Policy.

Any obligations which may have been owed by Defendants under the Policy have been fully discharged and paid to Plaintiff.

Defendants hereby plead credit for all amounts previously paid to or on behalf of Plaintiff.

Defendants plead an accord and satisfaction. Pharmacists Mutual tendered payment to Plaintiff for the claims stated in Plaintiff's petition, which Plaintiff accepted.

Plaintiff has been paid and compensated, by Pharmacists Mutual, for the claims it is asserting in its petition, so any additional recovery would be unjust enrichment and would constitute a windfall to Plaintiff.

Defendants have not breached the Policy, so Defendants cannot be liable to Plaintiff for any extra-contractual claims or liability, under the common law, the Texas Insurance Code, the DTPA, or any other basis.

Defendants specifically deny acting in bad faith toward Plaintiff.  At all times Defendants acted reasonably and in good faith based on the facts available to them in compliance with their understanding of the Policy and applicable law.

Defendants deny owing tort duties to Plaintiff for these claims arising under the Policy, which is a contract.

Simons denies individual liability to the Plaintiff.  At all relevant times, Simons was acting in the course and scope of his employment with Pharmacists Mutual and did nothing that would give rise to individual liability.

Plaintiff is not entitled to recover exemplary damages under any of the causes of action pled based on the following constitutional grounds:

1.     The imposition of exemplary damages under the circumstances of this case is unconstitutional under the United States Constitution and the Texas constitution because the standards of conduct proscribed under Texas law are unconstitutionally vague;

2.     The imposition of exemplary damages under the circumstances of this case constitutes a violation of Defendants' due process of law under the United States and Texas Constitutions; and

3.       An award of exemplary damages violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

Moreover, Defendants' liability to Plaintiff with respect to the claims of exemplary damages is limited by Section 41.008(b) of the Texas Civil Practice and Remedies Code.

## IV.
## ATTORNEY'S FEES

Defendants have had to retain the undersigned legal counsel to defend these claims and causes of action, and Defendants have incurred and will incur attorney's fees and expenses in defending this case. Defendants hereby seek recovery of their attorney's fees from Plaintiff.

## V.
## LACK OF DTPA NOTICE

Plaintiff has filed suit asserting claims under the DTPA.  A consumer is required to give written notice at least 60 days before filing suit under the DTPA, as a prerequisite to filing suit. TEX. BUS. COMM. CODE § 17.505(a).  Plaintiff did not comply with this statutory prerequisite.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing from Defendants by this action, that Defendants recover their attorney's fees and costs of court, with pre- and post-judgement interest, and for all other relief to which they may be entitled in law or equity.

Respectfully submitted,

**THE WILLIS LAW GROUP, PLLC**

*/s/ Amos D. Pettis*
AMOS D. PETTIS
State Bar No. 24027730
10440 North Central Expressway, Suite 520
Dallas, Texas 75231
Telephone:  (214) 736-9433
Facsimile:  (214) 736-9994
service@thewillislawgroup.com
www.thewillislawgroup.com

**ATTORNEYS FOR DEFENDANTS
PHARMACISTS MUTUAL INSURANCE
COMPANY and ALLEN B. SIMONS**

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the foregoing instrument was served upon all counsel of record via e-service on the 13th day of November, 2017.

*/s/ Amos D. Pettis*
AMOS D. PETTIS

Print this page

# Case # 366-04226-2017 - Med-Pharm, LLC vs. Pharmacist Mutual Insurance Company,Allen B. Simons (Wheless, Ray)

**Case Information**

| | |
|---|---|
| Location | Collin County - 366th District Clerk |
| Date Filed | 11/13/2017 10:50:00 AM |
| Case Number | 366-04226-2017 |
| Case Description | Med-Pharm, LLC vs. Pharmacist Mutual Insurance Company,Allen B. Simons |
| Assigned to Judge | Wheless, Ray |
| Attorney | Amos Pettis |
| Firm Name | The Willis Law Group |
| Filed By | Karen Wiley |
| Filer Type | Not Applicable |

**Fees**

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

**Payment**

| | |
|---|---|
| Account Name | Kirk Willis 2-1-17 |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 32063296 |
| Order # | |

**Original Answer**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Original Answer |
| Filing Description | Defendants' Original Answer |
| Reference Number | 470.0053 (Med-Pharm) |
| Comments | |

APPX00020

Case 4:17-cv-00808-ALM-KPJ   Document 1-1   Filed 11/15/17   Page 23 of 30 PageID #:  28

| | |
|---|---|
| Status | Accepted |
| Accepted Date | 11/13/2017 01:02:33 PM |
| **Fees** | |
| Court Fee | $0.00 |
| Service Fee | $0.00 |
| **Documents** | |

| | | |
|---|---|---|
| *Lead Document* | Defs' Original Answer (00470488xCA937).PDF | [Original] [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Tim Hoch tim@hochlawfirm.com | Hoch Law Firm | EServe | Sent | Yes | 11/13/2017 11:27:49 AM |
| Lynn S. Dunavin lynn@hochlawfirm.com | Hoch Law Firm | EServe | Sent | Yes | 11/13/2017 11:06:27 AM |
| Amos D. Pettis service@thewillislawgroup.com | The Willis Law Group | EServe | Sent | Yes | Not Opened |

APPX00021


**UNITED STATES POSTAL SERVICE**

Date: October 16, 2017

MAIL MAIL:

The following is in response to your October 16, 2017 request for delivery information on your Certified Mail™/RRE item number 92148901066154000113640144.  The delivery record shows that this item was delivered on October 16, 2017 at 11:38 am in AUSTIN, TX  78701. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

FILED

2017 OCT 17  AM 8: 45

LYNNE FINLEY
DISTRICT CLERK
COLLIN COUNTY, TX
BY _____ DEPUTY

Reference ID: 92148901066154000113640144
366-04226-2017
PHARMACIST MUTUAL INSURANCE COMPANY
By and Through Registered Agent, Jay A. Thompson
701 Brazos St Ste 1500
Austin, TX  78701-3293

APPX00022

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.366-04226-2017

Med-Pharm, LLC vs. Pharmacist Mutual Insurance
Company, Allen B. Simons

In the 366th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do
not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be taken against
you."

TO:  Pharmacist Mutual Insurance Company
By and Through Registered Agent, Jay A Thompson
701 Brazos Street, Suite 1500
Austin TX  78701-3293, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or
before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this
citation before the Honorable 366th District Court of Collin County, Texas at the Courthouse of said County in
McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Timothy M Hoch  Hoch Law Firm PC  5616 Malvey Avenue
Fort Worth TX 76107 (Attorney for Plaintiff), on  September 01, 2017, in this case, numbered 366-04226-2017
on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition**
accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 11th day of October,
2017.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _Morgan Hockett_____ , Deputy
Morgan Hockett

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.  Any
questions you have should be directed to an attorney.**

THE STATE OF TEXAS
CIVIL CITATION

CASE NO. 366-04226-2017

Med-Pharm, LLC vs. Pharmacist Mutual Insurance
Company,Allen B. Simons

In the 366th District Court

Of Collin County, Texas

OFFICER'S RETURN BY MAILING

Came to hand the 11th day of October, 2017, 3:45 PM, and executed by mailing to the defendant certified
mail, return receipt requested with restricted delivery a true copy of this citation together with an attached
copy of the Plaintiff's Original Petition and/or citation to the following address:

Pharmacist Mutual Insurance Company
Jay A Thompson
701 Brazos Street
Suite 1500
Austin TX 78701-3293.

**Please Check Method of Service**

ATTACH

RETURN RECEIPT (S)

WITH

ADDRESSEE'S SIGNATURE

Service upon the defendant is evidenced by the return
receipt incorporated herein and attached hereto, signed
by Charles Phinney and dated the 16th day of October,
2017.

To certify which witness my hand officially.

Lynne Finley, District Clerk

By:_____, Deputy
Morgan Hockett

Fee for serving citation $75.00



MORGAN HOCKETT
COLLIN COUNTY DISTRICT CLERK
2100 BLOOMDALE RD # 12132
MCKINNEY, TX 75071-8318



9214 8901 0661 5400 0113 6401 51

**RETURN RECEIPT (ELECTRONIC)**

**366-04226-2017**

ALLEN B. SIMONS
808 HIGHWAY 18 W
**ALGONA, IA 50511-7234**

IMpbCertified8x5Label v2017.04.26.92

**UNITED STATES**
**POSTAL SERVICE.**

Date: October 16, 2017

MAIL MAIL:

The following is in response to your October 16, 2017 request for delivery information on your Certified Mail™/RRE item number 9214890106615400113640151.  The delivery record shows that this item was delivered on October 16, 2017 at 10:17 am in ALGONA, IA  50511. The scanned image of the recipient information is provided below.

Signature of Recipient :

*Deb Hansen*

Address of Recipient :

*PO Box 370*

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

FILED

2017 OCT 17  AM 8: 4

LYNNE FINLEY
DISTRICT CLERK
COLLIN COUNTY, TX

BY *M Hackett*   DEPUTY

Reference ID: 9214890106615400113640151
366-04226-2017
ALLEN B. SIMONS
808 Highway 18 W
Algona, IA  50511-7234

APPX00026

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.366-04226-2017

Med-Pharm, LLC vs. Pharmacist Mutual Insurance
Company, Allen B. Simons

In the 366th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  Allen B. Simons
808 HWY 18 W
Algona IA  50511, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 366th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Timothy M Hoch  Hoch Law Firm PC  5616 Malvey Avenue  Fort Worth TX 76107 (Attorney for Plaintiff), on  September 01, 2017, in this case, numbered 366-04226-2017 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 11th day of October, 2017.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____ , Deputy
Morgan Hockett

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.**

THE STATE OF TEXAS
CIVIL CITATION

CASE NO. 366-04226-2017

Med-Pharm, LLC vs. Pharmacist Mutual Insurance
Company, Allen B. Simons

In the 366th District Court

Of Collin County, Texas

OFFICER'S RETURN BY MAILING

Came to hand the 11th day of October, 2017,3:45 PM, and executed by mailing to the defendant certified mail, return receipt requested with restricted delivery a true copy of this citation together with an attached copy of the Plaintiff's Original Petition and/or citation to the following address:

Allen B. Simons
808 HWY 18 W
Algona IA  50511.

**Please Check Method of Service**

```
┌─────────────────────┐
│                     │
│      ATTACH         │
│                     │
│  RETURN RECEIPT (S) │
│                     │
│      WITH           │
│                     │
│ ADDRESSEE'S SIGNATURE│
│                     │
└─────────────────────┘
```

Service upon the defendant is evidenced by the return receipt incorporated herein and attached hereto, signed by Dee Hansen and dated the 16th day of October, 2017.

To certify which witness my hand officially.

Lynne Finley, District Clerk

By: _____ , Deputy
    Morgan Hockett

Fee for serving citation $75.00